| Sklar v Sklar |
|---|
| 2024 NY Slip Op 30282(U) |
| January 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151207/2023 |
| Judge: Lisa S. Headley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LISA S. HEADLEY**

*Justice*

-------------------------------------------------------------------------------X

SARIVA SKLAR,

Plaintiff,

- v -

NOSSON R. SKLAR, NATHAN R. SKLAR, MARGOT M.
SIGMONE, CAROLANN M. O'DELL

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 28M |
| INDEX NO. | 151207/2023 |
| MOTION DATE | 11/16/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11

were read on this motion to/for _____DISMISSAL_____.

     The plaintiff, Sariva Sklar, commenced this action on February 8, 2023, seeking damages for harm caused by the alleged judgments issued against plaintiff's husband, Dr. Jeffrey Sklar, who is the brother of the movant-defendant, Nosson R. Sklar ("movant-defendant" or "Nosson").

     Pursuant to the Complaint, the first cause of action is for fraud, business fraud, violation of RICO, wire fraud, abuse of court process, abuse of professional license as notary publics and attorneys, usury laws, professional responsibility laws and corporate governance law. The second cause of action is for intentional and/or negligent infliction of emotional distress, filing of false documents with the Court, negligence, gross negligence, and willful malfeasance against plaintiff.

     In the Complaint, plaintiff also claims that the damages "resulting from filing of the 15 judgments, and specifically The Domesticated Judgment is a foreseeable act." The third cause of action is for extreme and outrageous behavior by defendants that have intentionally or recklessly caused plaintiff severe emotional distress. Lastly, the fourth cause of action is based on the defendants' extreme and outrageous behavior, including the fraudulent judgments entered by Itria against Dr. Sklar, and the domesticated judgment that has severely affected plaintiff's personal life and relationships. Plaintiff asserts that the defendants knew or should have known that their actions would result in emotional distress to the plaintiff. As a result, the plaintiff is seeking damages in the amount of $10 million, exemplary and/or punitive damages, reasonable attorneys' fees, and cost of the suit.

     Before the Court is the defendant, Nosson R. Sklar's pre-answer motion to dismiss the action on the basis that the action is untimely under the statute of limitations, and for failure to state a cause of action pursuant to *CPLR §§ 3211(a)(5)* and *3211(a)(7)*. The plaintiff filed opposition papers. This Court held a virtual conference on November 16, 2023, and the defendant's motion is decided accordingly.

151207/2023   SKLAR, SARIVA vs. SKLAR, NOSSON R. ET AL
Motion No.  001

Page 1 of 5

1 of 5

[* 1]

In the motion, defendant argues that none of plaintiff's causes of action can stand against defendant Nosson because the entire Complaint is time barred and fails to set forth the relevant elements to state a cause of action. Specifically, defendant argues that the plaintiff's "alleged harms occurred when the lien was placed on her home and when the fifteen judgments were issued against her husband. These events happened on October 16, 2017, and March 27, 2019, respectively." Therefore, pursuant to *CPLR § 215(3)*, "plaintiff's claim for injury caused by the placement of a lien on her home is untimely as the claim was brought approximately four years after the claim expired."

Defendant also argues that the plaintiff's claim for injury caused by the fifteen judgments is also untimely as it allegedly occurred on March 27, 2019, and even considering the Governor's Executive Order tolling period from March 20, 2020, to November 2, 2020, for calculation of the statute of limitations, the plaintiff's filing is still untimely because the Executive Order "moved the expiration date from March 27, 2020, to November 9, 2020." In addition, the defendant argues "the expiration date for Plaintiff's claim based on the lien placement prior to the issuance of the tolling Executive Order was October 16, 2020." Defendants argue that "plaintiff's claim based on the fifteen judgments expired two years after the Executive Order's tolling period ended, which was November 2, 2022." Therefore, defendant claims the action should be dismissed based on *CPLR §3211(7)*.

Defendant also argues that the "plaintiff has failed to sufficiently allege all elements of intentional infliction of emotional distress, including that the plaintiff has failed to allege actions which rise to the level of extreme and outrageous conduct, which the First Department has defined as 'conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'." *Citing to*, *164 Mulberry Street Corp. v. Columbia University*, 4 AD3d 49, 56 (1st Dept. 2004). Defendant argues that the plaintiff has also failed to state a cause of action for negligent infliction of emotional distress, and the "plaintiff's allegations do not demonstrate the breach of any duty of care owed to her by Nosson; there are also no allegations of Plaintiff being placed in fear for her safety."

In opposition, plaintiff argues there is another case captioned, *Dr. Jeffrey Sklar v. Itria Ventures, LLC, Nosson R. Sklar a.k.a. Nathan R. Sklar, Grand Street Medicine and Rehabilitation, P.C., Comprehensive Kids Developmental School, Comprehensive Evaluation Services, PLLC, Comprehensive Management MSO, INC., Comprehensive Staffing Solutions LLC, Margot M. Sigmone, Carolann M. O'Dell, Jordan Parker, and Jonathan S. Gitlin* (the "Itria Case.") under Docket 154067/2019 that involves a claim by the plaintiff's husband, Dr. Sklar, that he is also the victim of a serious and substantial fraud perpetrated by the movant-defendant Nosson. Plaintiff claims the allegation of the fraud in the "Itria Case" was the product of Nosson's intentional activities, including that Nosson forged his brother's (Dr. Sklar) signature on loan documents and personal guarantees, and confessions of judgments, multiple times to enable Nosson to borrow

[* 2]

money from Itria on hard money loans. Those frauds resulted in 15 judgments being filed by the Itria defendants in New York County.

Also in the opposition papers, the plaintiff details the proceedings of the "Itria case" under Index No. 154067/2019 also filed in the Supreme Court of the State of New York, New York County, and which include claims of fraud against the defendant and others. The plaintiff also claims that the defendant attempted to evade service of process on the Itria case involving Dr. Sklar, and should not be rewarded with the dismissal of this action.

In addition, plaintiff claims that the "one judgment from New York was domesticated in New Jersey (referred to as "the Domesticated Judgment of New Jersey, Docket # DJ 177509- 17") resulted in a lien against the marital residence in New Jersey owned by Plaintiff, wife of Dr. Sklar." The plaintiff also claims that the instant case "certainly shows the statute of limitations should not be applicable because the harm is ongoing pursuant to *CPLR § 3211(a) (5),* and a *prima facie* case for infliction of emotional distress has been pled negating *CPLR § 3211(a) (7).*" Plaintiff argues that the defendant's harm to plaintiff is ongoing.

As to the claim of intentional infliction of emotional distress due to the judgment entered against plaintiff and her husband, the plaintiff argues that the "lien and the ongoing lawsuit have harmed Sariva in her personal and social life in the tight knit Jewish community to the point that she cannot sleep." The plaintiff emphasizes that the motion to dismiss pursuant to *CPLR 3211(a)(7)* should be denied because the harm is ongoing, and "no tolling period is needed." Further, the plaintiff asserts that "continuous tort doctrine may apply to causes of action for intentional infliction of emotional distress." In the alternative, the plaintiff seeks leave to file an amended complaint to outline her damages in further detail.

In reply, the movant-defendant argues that the continuous tort argument does not apply here, and that the "plaintiff does not allege that Nosson is engaged in ongoing harmful acts, nor is it alleged that the final actionable event occurred within one year of the commencement of the suit; instead, Plaintiff's contentions rest on the harm still being felt by plaintiff." Defendant claims that "the extreme and outrageous acts alleged by Plaintiff are the fraudulent acts leading to the entry of fifteen judgments and a lien on Plaintiff's home," which allegedly occurred on October 16, 2017, and March 27, 2019, respectively.

<u>**DISCUSSION**</u>

"When considering a motion to dismiss for failure to state a cause of action, the pleadings should be afforded a liberal construction and the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'." *Leon v. Martinez,* 84 N.Y.2d 83, 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511 (1994), *citing, Seemungal v. New York State Dept. of Fin. Services,* 2023 NY Slip Op 06341 (1st Dep't Dec. 12, 2023).

The claim for infliction of emotional distress is subject to a one-year statute of limitations. *CPLR §215(3).* Even arguendo that the statute of limitation period has not expired, this Court finds that the Complaint does not state a cause of action against the defendant for intentional infliction of emotional distress because the alleged actions by defendant as alleged in the complaint for filing

151207/2023  SKLAR, SARIVA vs. SKLAR, NOSSON R. ET AL
Motion No.  001

Page 3 of 5

3 of 5

[* 3]

of false documents with the Court do not amount to the sort of extreme and outrageous conduct needed to support a cause of action for intentional infliction of emotional distress. See, *Chanko v. American Broadcasting Cos., Inc.,* 27 N.Y.3d 46, 56–57, 29 N.Y.S.3d 879, 49 N.E.3d 1171 (2016). Accordingly, the defendant's motion to dismiss the plaintiff's causes of action for intentional infliction of emotional distress is granted, and the plaintiff's third and fourth causes of action shall be dismissed.

With respect to a motion to dismiss based on the statute of limitations defense under *CPLR §3211 (a) (5)*, the defendant must establish a *prima facie* case that the plaintiff's time to commence an action has expired; then the burden shifts to the plaintiff to raise a question of fact as to whether it commenced the action within the applicable limitations period, or whether an exception or tolling applies. *Williams v. City of Yonkers*, 160 AD3d 1017, 1019 (2d Dep't 2018); *MDK Hijos Tr. V. Nordlicht*, 2020 N.Y. Slip Op. 30793[U], 9 [N.Y. Sup Ct, New York County 2020]

"It is settled that a plaintiff also may not circumvent a shorter statute of limitations for a traditional tort by characterizing the claim as one with a longer statute of limitations." *See e.g. Klein v. Martin,* 221 A.D.2d 261 [1st Dep't 1995], lv *denied* 88 N.Y.2d 801 [1996]; *Trott v. Merit Dept. Store,* 106 A.D.2d 158 [1st Dep't 1985); *Stubbolo v. The City of New York,* 2008 N.Y. Slip Op. 31208[U] (N.Y. Sup Ct, New York County 2008), *mod sub nom. Stubbolo v. City of New York*, 2009 N.Y. Slip Op. 04971 (1st Dep't 2009). The First Department explained that the continuing wrong/tort doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct." *Henry v. Bank of America*, 147 A.D.3d 599, 601 (1st Dep't 2017); see also, *MDK Hijos Tr. V. Nordlicht*, 2020 N.Y. Slip Op. 30793[U], 24 (N.Y. Sup Ct, New York County 2020).

The statute of limitations for a fraud claim is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . could with reasonable diligence have discovered [the fraud]." *CPLR §213 (8); 203 (g)*. Here, the statute of limitations for fraud of six years has not run, as the plaintiff commenced this action on February 8, 2023, and the events that are at the core of the plaintiff's case, that being the lien that was placed on plaintiff's home (on October 16, 2017) and when the fifteen judgments were issued against her husband (on March 27, 2019). Accordingly, the plaintiff's first cause of action for fraud stands, and the defendant's motion to dismiss is denied as it pertains to the first cause of action is for fraud.

The cause of action alleging negligent infliction of emotional harm is governed by the three-year statute of limitations. *Yong Wen Mo v. Gee Ming Chan,* 17 AD3d 356, 358 (2d Dep't 2005). Here, based on the events that are at the core of the plaintiff's case, that being the lien that was placed on plaintiff's home (on October 16, 2017) and when the fifteen judgments were issued against her husband (on March 27, 2019), the statute of limitation period has run. Therefore, the defendant's motion to dismiss is granted as it pertains to the plaintiff's second cause of action for negligent infliction of emotional distress, which shall be dismissed.

Accordingly, it is hereby

**ORDERED** that the portion of the defendant's motion to dismiss the plaintiff's causes of action for intentional infliction of emotional distress is GRANTED, and the plaintiff's third and fourth causes of action shall be DISMISSED; and it is further

**ORDERED** that the portion of the defendant's motion to dismiss the plaintiff's cause of action for negligent infliction of emotional distress is GRANTED, and the plaintiff's second cause of action shall be DISMISSED; and it is further

**ORDERED** that the portion of the defendant's motion to dismiss the plaintiff's cause of action for fraud is DENIED; and the plaintiff's first cause of action shall stand; and it is further

**ORDERED** that the plaintiff's request to submit an amended complaint is improper and denied as the plaintiff has not made a motion before this Court; and it is further

**ORDERED** that the parties shall proceed with discovery in an expeditious and good faith manner; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| **1/23/2024** | 20240123101810LHEADLEYEE25E1ECCD434... |
| **DATE** | **LISA S. HEADLEY, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 5]